IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Criminal Action No. 06-cr-00015-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY M. HILL,

    Defendant.

_____

## ORDER ON APPEAL OF DETENTION ORDER

_____

Miller, J.

This matter is before me on defendant Gregory M. Hill's appeal of the detention order issued by Magistrate Judge Patricia A. Coan on February 23, 2006.  I have considered the appeal, the parties' oral arguments, and the February 22, 2006 report from Pretrial Services.  For the reasons stated on the record at the March 10, 2006 hearing and those that follow, I will overrule the appeal.

### Background

Defendant Gregory Hill is charged in a three-count indictment with: (1) possession of ammunition and multiple firearms by a convicted felon, in violation of 18 U.S.C. § 922(g); (2) possession, with intent to distribute, more than five grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a); and (3) knowing possession of more than five grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a).

The Title 21 offenses carry statutory penalties of not less than five years' and not more than forty years' imprisonment and a fine of up to $2,000,000, or both, as well as supervised release of at least four years. § 841(b)(1)(B). The statutory penalties for the firearms offense are imprisonment of not more than ten years, a fine of up to $250,000, or both, and supervised release of not more than three years. 18 U.S.C. §§ 924(a)(2), 3583(b)(2).

Based upon the Pretrial Services report and the arguments of counsel at a detention hearing held February 23, 2006, Magistrate Judge Coan found by a preponderance of the evidence that no condition or combination of conditions for release would reasonably assure Hill's appearance for court proceedings due to his lack of economic ties to this district and to his previous failures to appear. She further found upon clear and convincing evidence that, due to the current charges against him and his prior felony menacing conviction, Hill is a danger to the public and no conditions of release would ensure the safety of the community.[1]

Hill appeals this ruling. He argues Magistrate Judge Coan gave insufficient weight to the facts that he has a limited criminal history for violent crimes or felonies, that he completed his probation for his felony menacing conviction, and that there is no allegation in this case that he used the weapons that were seized or possessed them in connection with a drug trafficking offense.

---

[1] Magistrate Judge Coan's findings and conclusions are set forth in her written order, issued February 23, 2006, and, in less detail, on the record of the February 23 detention hearing. A transcript of that hearing is included in the court file in this case.

Regarding his prior failures to appear, Hill contends all occurred in traffic and license plate-related cases, and many constituted failures to pay fines.[2] Those failures, he asserts, were driven by financial considerations and not a willful disregard of court orders. Hill states that he has made court appearances in this case and in connection with the state criminal charges arising from the same conduct that were dismissed when federal charges were filed.

## Standard of Review

18 U.S.C. § 3145(b) authorizes a defendant to seek revocation of a detention order entered by a magistrate judge. My review of this order is *de novo*. *Cf. United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) ("The standard of review of the district court's review of a magistrate judge's detention or release order under § 3145(a) is *de novo*").

## Discussion

Pursuant to 18 U.S.C. § 3142(e), I must determine whether there is any condition or combination of conditions of release that will reasonably assure the appearance of Hill as required and the safety of any other person and the community. My findings concerning safety must be supported by clear and convincing evidence. § 3142(f). Findings regarding risk of flight need only be supported by a preponderance of the evidence.

---

[2] I note that Hill's criminal record belies his representation that his failures to appear occurred only if traffic cases. According to the Pretrial Service Report, one of the failures to appear occurred in the 1999 felony menacing case. Report, p. 7. (The warrant was cancelled the day after it was issued.) Other failures to appear occurred in 1997 in a misdemeanor menacing case (Report, p. 6) and in a case charging obstructing a peace officer (Report, p. 7). The remaining failures to appear do seem to have been in traffic-related cases.

Hill is charged with a controlled substance crime carrying a maximum term of imprisonment of ten years or more. Accordingly, pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the his appearance as required and the safety of the community.

In reviewing the evidence, I must consider the following factors: (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves narcotic drugs; (2) the weight of the evidence against Hill; (3) Hill's history and characteristics, including, *inter alia*, family and community ties and criminal history; and (4) the nature and seriousness of the danger to any person or the community posed by Hill's release.  § 3142(g)

Considering all of the § 3142(g) factors, I conclude that Hill should remain in pretrial detention. Incorporating my oral ruling, I briefly summarize the four factors as follows:

The indictment charges Hill with a controlled substance offense and with possession of firearms and ammunition as a convicted felon. In addition, multiple firearms were discovered in Hill's residence and, as demonstrated by the government's evidence at the March 10, 2006 hearing, the firearms consisted of handguns and assault-type weapons, not merely hunting or sporting firearms. Hence, the first factor weighs against Hill.

The indictment provides probable cause to believe Hill committed the charged offenses. Further, at the March 10 hearing, the government presented evidence that not only was Hill found in possession of crack cocaine, but items found in his residence suggested that he was cooking the cocaine himself. The second factor, the weight of the

evidence, is against Hill.

Hill's history and characteristics appear, on the basis of the record, to be mixed. He has ties to Colorado and family members in the Denver area, as well as a history of past employment. His criminal history, however, includes one felony conviction for menacing and multiple misdemeanor and petty offense convictions. He has failed to appear for court proceedings in misdemeanor and petty offense cases on at least twelve occasions.

The evidence presented to me suggests that Hill cooked crack cocaine in a residence where he kept multiple firearms. The combinations of drugs and guns and of convicted felons and guns are ones that Congress (and society) views as inherently dangerous. Again, the final § 3142(g) factor weighs against Hill.

I note that the Probation Officer continues to recommend detention.

Based upon the evidence presented to me, I conclude that Hill has not rebutted the presumption in favor of detention. I find by a preponderance of the evidence that Hill is a flight risk. I find there is clear and convincing evidence that Hill poses a significant threat to the community in light of the nature of the current charges, including the combined presence of crack cocaine and firearms at the time of his arrest.

Accordingly, it is ordered:

1. I affirm the detention order issued by Magistrate Judge Coan on February 23, 2006.
2. Hill shall remain in the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Hill shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Hill is confined shall deliver him to a United States marshal for the purpose of an appearance in connection with a court proceeding.

5. Counsel for Hill shall inform the U.S. Marshal of Hill's medical conditions and of any special needs or requirements created by those conditions.

DATED at Denver, Colorado, on March 17, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge